"O"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 09-0451 AG (ANx)** | Date | October 19, 2009 |
|---|---|---|---|
| Title | NUGEN et al. v. JAMES I FLOYD et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys Present for Plaintiffs:              Attorneys Present for Defendants:

**Proceedings:**   **ORDER GRANTING MOTION OF DEFENDANTS JEFFREY A. KENNEDY; LMK PROPERTIES, LLC,; KENNEDY BROTHERS CONTRACTING, INC.; RODERIC G. STEAKLEY; WANDA F. FLOYD; LINDA W. STEAKLEY; PHARMACEUTICAL MEDICAL SUPPLY INC.; AND DIRECT PHARMACEUTICAL, INC. TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

This case involves claims based on fraud, conversion, and breach of contract, as well as Federal RICO claims. Defendants Jeffrey A. Kennedy ("Defendant Jeffrey Kennedy"), LMK Properties, LLC ("Defendant LMK"), Kennedy Brothers Contracting, Inc. ("Defendant KBC"), Roderic G. Steakley ("Defendant Roderic Steakley"), Wanda F. Floyd ("Defendant Wanda Floyd"), Linda W. Steakley ("Defendant Linda Steakley"), Pharmaceutical Medical Supply Inc. ("Defendant PMSI"), and Direct Pharmaceutical, Inc. ("Defendant Direct") brought Motions to Dismiss for lack of personal jurisdiction ("Motions"). (Docket Nos. 34, 39, 42, and 46.) Plaintiffs did not file any papers in opposition to these Motions. After considering the arguments submitted, the Motions are GRANTED.

"O"

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 09-0451 AG (ANx)** | Date | October 19, 2009 |
|---|---|---|---|
| Title | NUGEN et al. v. JAMES I FLOYD et al. | | |

## BACKGROUND

The following facts are taken from the Complaint and admissible evidence submitted in supporting declarations and affidavits.

Plaintiff NuGen International Incorporated ("Plaintiff NuGen") is a Nevada Corporation, and Plaintiff Advanced Pharmaceutical Services, Inc. ("Plaintiff APS") is a California Corporation. (Compl. Introduction.)

Plaintiffs allege twelve claims that arise out of three underlying transactions: (1) invoices for pharmaceutical goods; (2) investments in a Post-Katrina real estate project (the "New Orleans Project"); and (3) loans made by Plaintiffs to some Defendants to enable them to buy stock in PMSI. (Compl. ¶ 23, 24, 29.)

The first underlying transaction relates to the purchase of pharmaceuticals from Plaintiff APS by Defendants PMSI and Direct. (Compl. ¶ 23.) Plaintiffs allege that Defendant James I. Floyd ("Defendant James Floyd"), Defendant PMSI, and Defendant Direct owe for goods delivered. (Compl. ¶ 23.) The Sixth, Seventh, and Eighth Claims for breach of contract, account stated, and "goods sold and delivered" are based on this transaction. (Compl. ¶¶ 21, 74, 79, 86.)

The second underlying transaction relates to a loan Plaintiff NuGen allegedly made to Defendants Jeffrey Kennedy and Defendant KBC. (Compl. ¶ 24.) The First, Second, Third, Fifth, Ninth, Eleventh, and Twelfth Claims for fraud, conspiracy to defraud, Federal Civil RICO violation, conversion, money lent, and unjust enrichment are based in part on this transaction. (Compl. ¶¶ 33, 40, 46, 69, 90, 104, 108.)

Finally, the third transaction is based on a loan from Plaintiffs to Defendant Donald Kennedy ("Defendant Donald Kennedy"), so that Defendant Donald Kennedy could buy

"O"

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | **SACV 09-0451 AG (ANx)** | Date | October 19, 2009 |
|---|---|---|---|
| Title | NUGEN et al. v. JAMES I FLOYD et al. | | |

shares in Defendant PMSI. (Compl. ¶ 29.) The First, Tenth, Eleventh, and Twelfth Claims for fraud, breach of contract, money lent, and unjust enrichment are based in part on this transaction. (Compl. ¶¶ 33, 97, 104, 108.)

On September 28, 2009, Defendant James Floyd moved to dismiss for lack of personal jurisdiction, and Plaintiffs opposed that motion. The Court granted Defendant James Floyd's motion, and he was dismissed from this case. Now, Defendants Jeffrey Kennedy, LMK, KBC, Roderic Steakley, Wanda Floyd, Linda Steakley, PMSI, and Direct all move to dismiss for lack of personal jurisdiction. Plaintiffs did not file any oppositions to any of these Motions. Under Local Rule 7-12, Plaintiff's failure to file an opposition may be deemed consent to the Court granting the Motions. Nonetheless, the Court has carefully considered the Defendants' Motions and finds that it cannot exercise personal jurisdiction over any of the moving Defendants.

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may bring a motion to dismiss for lack of personal jurisdiction. Although the defendant is the moving party, the plaintiff bears the burden of making a prima facie showing of facts establishing personal jurisdiction by a preponderance of the evidence. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). "[U]ncontroverted allegations in the Complaint must be taken as true," and "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). Lawful exercise of jurisdiction over a nonresident defendant must comport with "traditional notions of fair play and

"O"

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 09-0451 AG (ANx)** | Date | October 19, 2009 |
|---|---|---|---|
| Title | NUGEN et al. v. JAMES I FLOYD et al. | | |

substantial justice." *Int'l Shoe*, 326 U.S. at 316. Concerns for fairness require that a court exercise jurisdiction only if the defendant's actions in the forum are such that "he should reasonably anticipate being haled into court there." *World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

A plaintiff can establish a defendant's minimum contacts with a given forum under a theory of general or specific jurisdiction. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984). General jurisdiction exists where a defendant has "substantial" or "continuous and systematic" contacts with the forum state. *Id.* at 415. If general jurisdiction exists, the forum state has jurisdiction over the defendant regardless of where the events giving rise to the litigation occurred. *Id.* at 415.

If a defendant's contacts with the forum state are not sufficient to establish general jurisdiction, specific jurisdiction may still be shown. Specific jurisdiction exists where the defendant has purposefully availed himself of "the benefits and protections" of the laws of the forum through specific acts giving rise to the litigation at hand. *See Burger King Corp.*, 471 U.S. at 472-73 (citing *Helicopteros*, 466 U.S. at 414). Once it is established that the defendant purposefully availed himself of the benefits and protections of the forum, or purposefully directed his actions toward the forum, the forum's exercise of jurisdiction is "presumptively reasonable." *Roth v. Garcia Marquez*, 942 F.2d 617, 625 (9th Cir. 1991).

## ANALYSIS

Because Plaintiffs have not filed any evidence opposing Defendants' Motions, there are no conflicts between the parties over statements contained in declarations or affidavits. Accordingly, the Court can only exercise personal jurisdiction over any of the Defendants if the uncontroverted facts in the Complaint make a prima facie showing of facts establishing personal jurisdiction by a preponderance of the evidence. *Rio*, 284 F.3d at 1019.

"O"

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 09-0451 AG (ANx)** | Date | October 19, 2009 |
|---|---|---|---|
| Title | NUGEN et al. v. JAMES I FLOYD et al. | | |

## 1.     DEFENDANT J. KENNEDY

Defendant Jeffrey Kennedy is a lifelong resident of Alabama. (Declaration of Defendant Jeffrey Kennedy ("Kennedy Decl.") ¶ 3.) He is an officer and director of Defendant KBC and a member of defendant LMK. (Kennedy Decl. ¶ 7-8.) Defendant Jeffrey Kennedy does not reside in California, does not maintain a residence or business address in California, and does not own any real or personal property in California. (Kennedy Decl. ¶4.)

According to the Complaint, Defendant Jeffrey Kennedy traveled to California in 2004 to solicit Plaintiff NuGen's investment in the New Orleans Project. (Compl. ¶ 22-24.) But these allegations are not uncontroverted. Defendant Jeffrey Kennedy asserts that the trip to California in 2004 was to discuss the operation of an Alabama corporation and the lease of a facility in Alabama with Tracy Nguyen ("Ms. Nguyen"). (Kennedy Decl. ¶ 10-11.) That lease is not at issue in this lawsuit. According to Defendant Jeffrey Kennedy, he has "reviewed the allegations contained in the Complaint" and he has "never traveled to California for the purpose of conducting any of the business which is alleged to be a part of or forms the basis for any claim of relief asserted against him in the Complaint." (Kennedy Decl. ¶9.) Plaintiff provides no evidence in opposition to Defendant Jeffrey Kennedy's assertions.

The Court finds that Plaintiff did not plead sufficient facts to show that Defendant Jeffrey Kennedy has continuous and systematic contacts with California that could justify the exercise of general jurisdiction. *See Helicopteros*, 466 U.S. at 416. Further, Plaintiff has not offered sufficient evidence to show that Plaintiffs' claims arise out of Defendant Jeffrey Kennedy's contacts with California, so the Court cannot exercise specific jurisdiction over him. Defendant Jeffrey Kennedy's Motion to Dismiss is GRANTED.

## 2.     DEFENDANT LMK

"O"

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 09-0451 AG (ANx)** | Date | October 19, 2009 |
|---|---|---|---|
| Title | NUGEN et al. v. JAMES I FLOYD et al. | | |

Plaintiffs allege that Defendant LMK "is an Alabama Limited Liability Company with its place of incorporation in Madison County and its principal place of business in Huntsville, Alabama." (Compl. ¶ 14.) Plaintiffs also allege that:

> [A]t all times herein mentioned, LMK [and all other Defendants] were inadequately capitalized, and are entities which are not in compliance with the corporate laws of the state of Alabama, such that any separateness and distinction between [all of the Defendants] is a sham and fiction. In reality, and for the purposes of this litigation, LMK [and all of the other Defendants] are, in fact, one and the same entity.

(Compl. ¶ 21.) Plaintiff does not refer to LMK anywhere else in the Complaint.

Defendant Jeffrey Kennedy, a member of Defendant LMK, declared under oath that "[f]rom its formation until this date, LMK has always been in complaince with the appropriate laws of Alabama." (Kennedy Decl. ¶ 8.) Plaintiffs offer no evidence to support their allegations that Defendant LMK is a "sham and fiction," and Plaintiffs did not plead any facts relating to any contacts with California.

The Court finds that Plaintiffs have not met their burden of "making a prima facie showing of facts establishing personal jurisdiction" over Defendant LMK by a "preponderance of the evidence." *Rio*, 284 F.3d at 1019. Defendant LMK's Motion to Dismiss is GRANTED.

**3. DEFENDANT KBC**

Defendant KBC is a corporation formed under the laws of Alabama with its principal place of business in Huntsville, Alabama. (Kennedy Decl. ¶ 7; Compl. ¶13.) Defendant KBC does not have offices or agents in California, and has never done business in

"O"

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 09-0451 AG (ANx)** | Date | October 19, 2009 |
|---|---|---|---|
| Title | NUGEN et al. v. JAMES I FLOYD et al. | | |

California. (Kennedy Decl. ¶ 7.) Plaintiff offers no evidence to show otherwise.

The Court finds that Plaintiffs have not pled sufficient facts to establish personal jurisdiction over Defendant KBC. *Rio*, 284 F.3d at 1019. Defendant KBC's Motion to Dismiss is GRANTED.

### 4. DEFENDANT RODERIC STEAKLEY

Defendant Roderic Steakley has been an Alabama resident since 1987. (Declaration of Defendant Roderic Steakley ("R. Steakley Decl.") ¶ 3.) He does not maintain a residence or business in California, and does not own real or personal property in California. (R. Steakley Decl. ¶ 5.) Defendant Roderic Steakley is an officer, director, and minority shareholder of Defendant PMSI. (R. Steakley Decl. ¶ 7.) Defendant Roderic Steakley asserts that he has not conducted business on behalf of Defendant PMSI, and has not taken any action related to California or either of the Plaintiffs. (R. Steakley Decl. ¶ 7.) Defendant Roderic Steakley also asserts that he has reviewed the Complaint, and that he has never had any involvement of any kind in the events upon which the Complaint is allegedly based. (R. Steakley Decl. ¶ 9.) Plaintiffs offer no evidence contradicting any of Defendant Roderic Steakley's assertions.

Plaintiffs have failed to allege facts establishing systematic and continuous contacts with California, so the Court cannot find general jurisdiction over Defendant Roderic Steakley. Further, Plaintiffs have failed to respond to Defendant Roderic Steakley's evidence that the alleged claims do not arise from any of Defendant Roderic Steakley's contacts with California, so the Court cannot find specific jurisdiction. Plaintiffs have failed to show facts establishing personal jurisdiction over Defendant Roderic Steakley, so his Motion to dismiss is GRANTED.

### 5. DEFENDANTS WANDA FLOYD AND LINDA STEAKLEY

"O"

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-0451 AG (ANx) | Date | October 19, 2009 |
|---|---|---|---|
| Title | NUGEN et al. v. JAMES I FLOYD et al. | | |

Defendants Wanda Floyd and Linda Steakley are residents of Alabama. (Compl. ¶¶ 6,8.) Neither Defendant Wanda Floyd nor Linda Steakley have a home or business office in California, and neither own any property in California. (Declaration of Wanda Floyd ("W. Floyd Decl.") ¶ 4; Declaration of Linda Steakley ("L. Steakley Decl.") ¶ 4.) Both Wanda Floyd and Linda Steakley have declared under oath that they have not traveled to California in connection with any of the alleged activities on which the causes of action are based. (W. Floyd Decl. ¶¶ 9, 12, 16; L. Steakley Decl. ¶¶ 6, 8, 10-11, 15.) Plaintiffs have offered no evidence in opposition to the declarations of Wanda Floyd and Linda Steakley.

The Court finds that Plaintiffs have not met their burden of "making a prima facie showing of facts establishing personal jurisdiction" over Defendants Wanda Floyd and Linda Steakley. *Rio*, 284 F.3d at 1019. Their Motion is GRANTED.

### 6. DEFENDANTS PMSI AND DIRECT

Defendant James Floyd, whose motion to dismiss in this case was granted on September 28, is an officer, director, and shareholder of Defendants PMSI and Direct. (Declaration of James Floyd, August 28, 2009 ("Aug. 28 J. Floyd Decl.") ¶ 6, 8.) PMSI and Direct are corporations formed pursuant to the laws of Alabama, with their principal places of business in Alabama. (Aug. 28 J. Floyd Decl. ¶ 7,8.) Neither Defendant PMSI nor Defendant Direct have any agents or offices in California. (Declaration of James Floyd, September 28, 2009 ("Sept. 28 J. Floyd Decl.") ¶ 6.) Plaintiffs have failed to allege facts establishing that Defendants PMSI and Direct had systematic and continuous contacts with California, so the Court cannot find general jurisdiction over either of these Defendants.

"O"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 09-0451 AG (ANx)** | Date | October 19, 2009 |
|---|---|---|---|
| Title | NUGEN et al. v. JAMES I FLOYD et al. | | |

To establish specific jurisdiction, Plaintiffs must show that PMSI and Direct have purposefully availed themselves of "the benefits and protections" of the laws of California through specific acts giving rise to the litigation at hand. *Burger King Corp.*, 471 U.S. at 472-73 (citing *Helicopteros*, 466 U.S. at 414). Here, Plaintiffs allege that Defendants PMSI and Direct "placed written orders to [Plaintiff] APS for certain wholesale pharmaceutical goods pursuant to invoices," giving rise to Plaintiffs' claims for breach of contract, account stated, and "goods sold and delivered." (Compl. ¶ 23, 74, 79, 86.) But Defendant Floyd, on behalf of Defendants PMSI and Direct, asserts that Plaintiff APS, or an entity acting on behalf of APS, solicited PMSI and Direct. (Sept. 28 J. Floyd Decl. ¶ 7.) Further, Defendant Floyd asserts that PMSI and Direct did not "direct[] any action toward California other than communicate orders in response to such solicitations and make payment as required." (Sept. 28 J. Floyd Decl.") ¶ 7.) Plaintiffs provide no evidence in opposition to these assertions. Based on these assertions, the Court cannot exercise specific jurisdiction over Defendants PMSI and Direct because they did not purposefully avail themselves of the benefits and protections of the laws of California. The Motion of Defendants PMSI and Direct is GRANTED.

**DISPOSITION**

The Motions to Dismiss of Defendants Jeffrey A. Kennedy, LMK Properties, LLC , Kennedy Brothers Contracting, Inc., Roderic G. Steakley, Wanda F. Floyd, Linda W. Steakley, Pharmaceutical Medical Supply Inc., and Direct Pharmaceutical, Inc. are GRANTED without leave to amend.

:   0

"O"

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 09-0451 AG (ANx)** | Date | October 19, 2009 |
|---|---|---|---|
| Title | NUGEN et al. v. JAMES I FLOYD et al. | | |

|  | Initials of Preparer | lmb |
|---|---|---|